## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Helen L. Foos

v.

Virginia Marine Resources Commission, et al.

November 15, 1983

Case No. (Law) 14,677

By JUDGE HENRY L. LAM

The records show that these proceedings, instituted by an application of Mrs. Foos, proceeded first with a hearing before the Virginia Beach Wetlands Board on June 18, 1982. By its own action, this Board continued the June hearing until January of 1983. On January 18, 1983, the Board again met and issued its ruling adverse to Mrs. Foos. This ruling was then appealed to the Virginia Marine Resources Commission. Subsequently, the Commission met on February 22, 1983, and at that time it also ruled adverse to Mrs. Foos. From this ruling an appeal was lodged with the Circuit Court; a hearing being held on such appeal on September 8, 1983.

In brief, the Commission had ruled (1) that the fence did not qualify as a sand fence; and (2) that it did constitute a hazard to the public health and safety; and (3) that it had not significantly contributed to any accretion of sand.

Number (3), although stated, was not necessary to a decision on the application.

The petitioner has argued that no permit was in fact necessary for the installation of a "sand" fence. The Commission held that the fence installed, a combination of a steel chain-link fence and a wood-slat "sand" fence connected one to the other, was not a "sand" or "snow" fence. This was the basis for one of the reasons given by the Commission for the denial.

To the contrary the City argued that even if such constituted a "sand" fence, that such would not be permitted as an exception under the Code, (§ 62.1-13.25(3D)) because by this section the "placement of any material which presents a public health or safety hazard" is prohibited, and it is contended that such did constitute a hazard.

The Commission's finding that such "sand fences or other material" was a hazard is clearly substantiated by the record.

Factually, the record shows that as of January 18, 1983, the "Easternmost" fence which was erected prior to June of 1982 had been destroyed by a storm in October of 1982. Another fence was installed in November of 1982, and although not a part of the record before the Virginia Marine Resources Commission, evidence was factually presented to the Court on September 8, 1983, that this latter fence had also been destroyed by a storm occurring on January 22, 1983. This second destruction affords additional evidence of the finding of a hazard. The reasons why such destroyed fence constituted a hazard are clearly revealed in the evidence and need not be reasserted here.

Hence, I uphold the decision of the Virginia Marine Resources Commission.